UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THELMA RILEY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 20-0475** |
| **JOHN DOE #1, JOHN DOE #2, and, JOHN DOE #3** | **SECTION: "A" (1)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Thelma Riley, filed the above-captioned matter in this Court in which she asserts a claim against three unidentified "John Doe" defendants who work for "P.O. Box 7745, Metairie, LA;" "Voo Doo Disposal, Gretna, LA;" and "Concrete Yard, 2441 Dawson St., Kenner, LA," respectively arising out of damage she alleges they caused to her home and driveway as they drove large trucks and heavy equipment over her driveway to replace the house behind her property on multiple occasions in 2018.

For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file her complaint in state court.

### Background

Plaintiff here alleges that on or about October 26, 2018, the defendant contractor companies brought huge trucks onto her driveway to collect trash from an old house in the back of her property. She alleges this caused huge holes through the driveway of her property. She alleges that defendants went back and forth along the driveway for three to four days, causing the holes to get bigger. She alleges that on or about November 13, 2018, the defendants came back with heavy equipment to drive piles into the ground and replace the house behind her property. She alleges

1

the defendants brought a huge crane through her property and this created even bigger holes in her driveway.  She further alleges that on or about December 22, 2018, the defendants came onto her driveway with big concrete trucks that got stuck, "wasting" the concrete onto the driveway. She alleges that as the defendants' trucks got stuck in the holes of the driveway, it caused the foundation of the homes to shift and caused cracks in the walls. She alleges the defendants did not have a contract to enter onto the property.

Plaintiff alleges that her rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution were violated when the defendants entered the property without consent or contract. She also asserts claims for negligence and "commercial tort." She seeks a declaratory judgment, an injunction ordering the defendants to fix the damage to her property, and compensatory damages in the amount of $100,000. She filed her Complaint on February 21, 2020.

On March 11, 2020, this Court granted plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court further ordered the Clerk of Court to withhold summons in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  The Court ordered plaintiff to file a written statement of her position regarding this Court's subject-matter jurisdiction by April 8, 2020, and warned that her failure to respond would result in dismissal of her complaint for lack of subject-matter jurisdiction. Plaintiff filed a Motion for Extension of Time to Respond, requesting 30 additional days. The court granted the motion and extended plaintiff's deadline to respond to the Order to Show Cause to May 29, 2020. Plaintiff has not filed a written statement in response to this Court's order.

<u>Law and Analysis</u>

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See <u>Startii v. United States</u>, 415 F.2d 1115, 1116 (5th Cir.1969); <u>see also</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)

Furthermore, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331. Although plaintiff has not cited 42 U.S.C. § 1983, by invoking constitutional rights, she may be attempting to assert a claim under that statute. However, § 1983 does not provide a basis for federal jurisdiction here. Section 1983 provides a cause of action against municipalities, state and local officials, and other defendants who acted under state law. On the face of the complaint, none

of the defendants here are state actors or acting under state law. Besides §1983, no federal statutes appear to be implicated by the facts alleged. Thus, there is no basis for subject matter jurisdiction under §1331.

This court also has jurisdiction to consider state law claims where the complaint satisfies the requirements of 28 U.S.C. § 1332. However, the plaintiff's complaint here does not do so. In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). Here, the plaintiff and the defendants all appear to be Louisiana residents. Therefore, there is no basis for this court to exercise its diversity jurisdiction.

## Conclusion

For the foregoing reasons, plaintiff's complaint fails to establish this Court's subject-matter jurisdiction. Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file her complaint in state court.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 18th day of June, 2020.

                                                      Janis van Meerveld
                                         United States Magistrate Judge